**James Earl PREUIT, Appellant,**

v.

**UNITED STATES of America, Respondent.**

**No. 21545.**

United States Court of Appeals Ninth Circuit.

Aug. 15, 1967.

William B. Wyllie, Rhoten, Rhoten & Speerstra, Brown & Burt, Salem, Or., for appellant.

Sidney I. Lezak, U. S. Atty., Jack Collins, Asst. U. S. Atty., Portland, Or., for appellee.

Before POPE, JERTBERG and DUNI-WAY, Circuit Judges.

POPE, Circuit Judge.

Preuit was a real estate broker in the business of selling residential property. Some of the parcels which he had for sale were rather undesirable and he had difficulty in finding buyers. The purchasers here in question were financed through the Federal Housing Administration. In order to procure homes for such purchasers it was necessary to disclose that the purchaser furnished cash for the purchase price equivalent to three percent of the amount of the loan from the bank which acted as agent for the FHA.[1] Preuit anticipated collecting a five percent commission on the sale. In order to make sure that the sale could be completed, Preuit himself advanced the three percent required which the purchasers involved here did not have. At the same time Preuit would take a note from the seller for that amount.

In the cases of the sales here involved, represented by different counts of the indictment, appropriate forms were furnished to the bank disclosing that the purchaser in each case had paid the three percent or more in cash. Thus in one case, where the purchaser was one Kilburn N. McCoy, the application form furnished to FHA showed that the purchaser had paid in cash the sum of $400.

1. 12 U.S.C. Sec. 1709(b) (9).

278

This was not true as the $400 was supplied by Preuit who took the note from the seller for that amount. The net result of all this was that FHA was advancing the full amount of the actual purchase price.

In an indictment containing seven counts Preuit was charged with violating on seven different occasions Title 18 U.S.C. section 1001 which provides in material part as follows: "Whoever in any matter within the jurisdiction of any department or agency of the United States knowingly and wilfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations or makes * * * any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry * * *." shall be fined or imprisoned. On trial to the Judge of the court below, defendant Preuit was found guilty on three such counts. The basis for these charges was that defendant had submitted or caused to be submitted to FHA falsified applications for loans and earnest money receipts. The evidence sufficiently showed that Preuit knew what he was doing, knew what the requirements were, and knowingly and wilfully falsified the applications for the loans.

It seems plain that the requirement of the down payment by the purchaser in cash was an important consideration with the FHA. It furnished assurance that the purchaser had at least some resources and some stake in the transaction; and the scheme adopted by the appellant operated completely to frustrate this objective. The trial court held: "The submission of the purchase money receipt, reciting a cash down payment, when in truth and, in fact, no such payment had been made is a sufficient false statement, under all of the evidence on the remaining counts, to find the defendant guilty."

In our view the evidence adequately supports the decision of the trial court, and the judgment of that court that de-fendant used or caused to be made and used a false writing or document in relation to a matter within the jurisdiction of the Federal Housing Administration is supported by the evidence.

The judgment is affirmed.